UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. SCOTT,<br><br>  Plaintiff,<br><br>vs.<br><br>CASTILLO, et al.,<br><br>  Defendants. | 1:20-cv-00598-ADA-GSA-PC<br><br>**ORDER GRANTING DEFENDANT'S EX-PARTE MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 32.)**<br><br>**ORDER EXTENDING DEADLINES FOR ALL PARTIES**<br><br>**<u>New Deadline to Complete Discovery</u>:**<br><br>  **March 12, 2023**<br><br>**<u>New Deadline to File Dispositive Motions</u>:**<br><br>  **April 12, 2023** |

## I. BACKGROUND

Mark Anthony Scott ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against defendant C/O Castillo for use of excessive force in violation of the Eighth Amendment.[1]

On March 1, 2022, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 1, 2022 and a

---

[1] On November 16, 2021, the Court issued an order for this case to proceed only with Plaintiff's excessive force claims against defendant C/O Castillo, and dismissing all other claims and defendants. (ECF No. 19.)

dispositive motion filing deadline of October 1, 2022. (ECF No. 26.) These deadlines have expired.

On December 7, 2022, Defendant filed an ex-parte motion to modify the Scheduling Order. (ECF No. 32.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant requests that discovery be reopened for 90 days, with dispositive motions due within 120 days. Defense counsel informs the Court that due to an unexpected family emergency he was off work and out of state for many days and did not return until the discovery deadline had expired. (Declaration of Matthew Stohl, ECF No. 32-2 ¶¶ 1, 5, 6.) Plaintiff agreed to file a joint request for a continuance but failed to sign and return the agreed-upon stipulation and has not responded to communication attempts. (Id. ¶¶ 8-12.)

The Court finds good cause to grant Defendant's motion to modify the deadlines in the Court's Discovery and Scheduling Order. Therefore, Defendant's motion to modify the Scheduling Order, filed on December 7, 2022, shall be granted.

## III.    CONCLUSION

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant's ex-parte motion to modify the Court's Scheduling Order, filed on December 7, 2022, is GRANTED;

///

2. Discovery is now reopened, with a deadline of **March 12, 2023** to complete

discovery, including the filing of motions to compel;

3. The new deadline for filing dispositive motions is **April 12, 2023**; and

4. All other provisions of the court's March 1, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **December 8, 2022**                    **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE