UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. SCOTT,<br><br>      Plaintiff,<br><br>vs.<br><br>CASTILLO, et al.,<br><br>      Defendants. | 1:20-cv-00598-ADA-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 40.)** |

On April 25, 2023, plaintiff filed a motion seeking the appointment of counsel. (ECF No. 40.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he is unable to afford counsel, has very limited access to the law library, and has limited knowledge of the law. These are not an exceptional circumstances under the law. Plaintiff also alleges that the issues involved in this case are complex; however, the Court finds that Plaintiff's excessive force claim is not complex. While the court has found that "Plaintiff states a cognizable claim against defendant C/O David Castillo for use of excessive force against Plaintiff in violation of the Eighth Amendment," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 15 at 6:10-11.) Based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 5, 2023**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE