UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. SCOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>CASTILLO, et al.,<br><br>    Defendants. | 1:20-cv-00598-ADA-GSA-PC<br><br>**ORDER DENYING MOTION TO REOPEN DISCOVERY**<br><br>**(ECF No. 39.)** |

## I. BACKGROUND

Mark Anthony Scott ("Plaintiff") is a Kings County Jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case, filed on April 27, 2020, now proceeds against defendant C/O Castillo for use of excessive force in violation of the Eighth Amendment.[1] (ECF Nos. 1, 18 & 19.)

On March 1, 2022, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 1, 2022 and a

---

[1] On November 16, 2021, the Court issued an order for this case to proceed only with Plaintiff's excessive force claims against defendant C/O Castillo, and dismissing all other claims and defendants. (ECF No. 19.)

dispositive motion filing deadline of October 1, 2022.  (ECF No. 26.)  On December 9, 2022, the Court granted Defendant's motion to modify the scheduling order and extended the discovery deadline to March 12, 2023 and the dispositive motion filing deadline to April 12, 2023.  (ECF No. 33.)  All of these deadlines have now expired.

On April 19, 2023, Plaintiff filed a motion to reopen discovery for 90 days.  (ECF No. 39.)  On May 11, 2023, Defendant filed an opposition to the motion.  (ECF No. 43.)  Plaintiff has not filed a reply, and the time in which to do so has expired.  Local Rule 230(*l*).

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### A.     Plaintiff's Motion

Plaintiff requests that discovery be reopened for 90 days because he is incarcerated and has limited access to the material needed to respond to discovery.  Plaintiff also seeks more time to obtain documents from Defendant that are crucial in proving his case.

### B.     Defendant's Opposition

Defendant argues that Plaintiff's motion to reopen discovery should be denied based on Plaintiff's failure to show good cause.  Defendant argues that Plaintiff was not diligent in pursuing discovery and has not explained why he failed to serve timely discovery requests and responses during two separate three-month discovery windows.  Moreover, Defendant argues that reopening discovery at this late date would prejudice Defendant.

Pursuant to the Court's Discovery and Scheduling Order of December 9, 2022, all discovery requests were to be served on or before June 1, 2022, which allowed Plaintiff three

months to serve discovery.  (ECF No. 26.)  On July 28, 2022, Plaintiff served untimely requests for production of documents and special interrogatories, to which Defendant served objections on the basis that the discovery requests were improper, untimely, and in violation of the Court's Scheduling Order.  (Decl. of M. Stohl ¶¶ 2, 3; exhibits A and B.)

On December 9, 2022, the Court granted Defendant's Motion to Modify the Scheduling Order and extended the discovery deadline for an additional 90 days to March 12, 2023.[2]  (ECF No. 33.)  As a result, there were a total of six months for Plaintiff to serve timely discovery, but he did not use any of that time.  Defendant asserts that even though Plaintiff had previously drafted discovery requests, Plaintiff failed to serve those requests during the three-month discovery extension.

**C.     Discussion**

Plaintiff has not demonstrated that with due diligence he could not have completed discovery by the March 12, 2023 deadline.  Plaintiff has not adequately explained, other than his statement that he is incarcerated with limited access to material, as to why exactly he could not complete his discovery requests and responses within the time allowed.  Moreover, reopening the discovery phase of this action would almost certainly delay the trial in this case which was filed more than three years ago and should not be delayed further. Therefore, Plaintiff's motion to reopen discovery, filed on April 19, 2023, shall be denied.

**III.     CONCLUSION**

Based on the foregoing and Plaintiff's failure to show good cause, **IT IS HEREBY ORDERED** that Plaintiff's motion to reopen discovery, filed on April 19, 2023, is **DENIED**.

IT IS SO ORDERED.

   Dated:   **June 2, 2023**                          **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] The modification requested by defense counsel was due to deposition scheduling issues related to defense counsel's father's unexpected passing. (ECF No. 32 at 3:14.)