UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CASTILLO, et al.,<br><br>Defendants. | No. 1:20-cv-0598 ADA GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 57) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The matter is at the pretrial stage of the proceedings.

Plaintiff has filed a motion for the appointment of counsel. ECF No. 57. For the reasons stated below, the motion will be denied.

I.    MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, he points, in part, to the pretrial conference and jury trial that were scheduled for December 2023 and January 2024, respectively. ECF No. 57 at 1. In addition, Plaintiff states that he lacks the education, experience, and mental ability to present a case in a jury trial. Id. The need for help with cross-examination, a lack of understanding of the rules of discovery, the complexity of this case, and

1

the lack of ready access to a law library are also reasons Plaintiff presents in support of the motion.  See ECF No. 57 at 2.

## II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

## III. DISCUSSION

Although Plaintiff may be able to successfully litigate this case on its merits, the motion will be denied for several reasons.  First, the pending pretrial and trial dates have been vacated due to the absence of a district judge to preside over the trial proceedings.  See ECF No. 55 (order vacating calendared trial dates).  Consequently, Plaintiff has no need for assistance from an attorney at this time.

However, even if this matter were moving forward to trial, the motion would still be denied.  This is because to date, Plaintiff has demonstrated that he has a satisfactory understanding of these proceedings.  Specifically, since this matter was docketed in April 2020 (see ECF No. 1) (complaint) Plaintiff has filed the proper paperwork when directed to do so.  See ECF Nos. 9, 16 (filed in forma pauperis application and notice on how to proceed after Court's directive to do so).  In addition, Plaintiff has been able to file his pretrial statement without the assistance of an attorney.  See ECF No. 49.

In sum, for the past two and a half years Plaintiff has been able to successfully manage his case. Therefore, in light of the Palmer considerations, at this time, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 57) is DENIED.

IT IS SO ORDERED.

Dated: **November 27, 2023**         **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE