UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark A. Scott,<br><br>   Plaintiff,<br><br> v.<br><br>David Castillo,<br><br>   Defendant. | No. 1:20-cv-00598-KES-GSA<br><br>ORDER REQUIRING PLAINTIFF TO RESPOND TO DEFENDANT'S EX PARTE APPLICATION |

  On February 19, 2025, defendant filed an ex parte motion requesting that the Court dismiss this case for plaintiff's failure to timely file his pretrial statement in accordance with the Court's January 10, 2025 order. Doc. 72. Plaintiff was initially required to file his pretrial statement no later than December 11, 2025. Doc. 68. However, defendant filed a motion indicating that the parties had tentatively agreed to a settlement and requesting that the trial and pretrial dates be extended to allow for finalization of the settlement agreement. Doc. 70. On January 10, 2025, the Court ordered that the trial be continued and that certain pretrial deadlines be extended, including the deadline for plaintiff to file his pretrial statement. Doc. 71. Specifically, the Court ordered plaintiff to "either (1) return the signed settlement documents to defendant or (2) file his pretrial statement by February 10, 2025."

1

1  In defendant's February 19, 2025 ex parte motion, defendant indicates that plaintiff did not return to defendant the signed settlement documents by February 10, 2025, and that plaintiff has not otherwise communicated with defendant regarding any delay. Doc. 72. Plaintiff also did not file his pretrial statement by the deadline or otherwise communicate with the Court to request an extension of time. *See* Docket.

Defendant moves to dismiss this case pursuant to Local Rule 110 based on plaintiff's failure to comply with the Court's January 10, 2025 order.[1] Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." The Ninth Circuit has held that, prior to dismissing a case as a sanction for a plaintiff's failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

**Considering the foregoing, plaintiff is ORDERED to file a response to defendant's ex parte motion, Doc. 72, by March 6, 2025, and to address whether this case should be dismissed as a sanction for plaintiff's failure to comply with the Court's January 10, 2025 order to file his pretrial statement by February 10, 2025.**

**Plaintiff is FURTHER ORDERED to file his pretrial statement, and, if plaintiff intends to call incarcerated witnesses at trial, any motion for the attendance of such witnesses as described in the third scheduling order (Doc. 68), by March 6, 2025.**

Defendant's deadlines to file a pretrial statement and any opposition to a motion by plaintiff for attendance of incarcerated witnesses, currently set for March 11, 2025, are vacated and shall be reset, if needed, following plaintiff's response to this Order.

---

[1] Defendant also notes that the third scheduling order warned the parties that "failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default." Doc. 72 (citing Doc. 68).

**Plaintiff is warned that failure to comply with this Order may result in the imposition of sanctions, including dismissal of this case, pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   February 20, 2025

_____
UNITED STATES DISTRICT JUDGE

3